David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:     (602) 265-3332
Facsimile:      (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff
Debbie Merlino

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Debbie Merlino | Case No: |
|---|---|
| Plaintiff, | **Complaint For Damages For Violations of the Fair Debt Collection Practices Act** |
| v. | |
| NIC, Inc. d/b/a Nemo's Investigations & Collections; and Sue Woods | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. Debbie Merlino, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of NIC, Inc. d/b/a Nemo's Investigations & Collections ("Nemo's") and Sue Woods ("Woods") (or jointly as "Defendants"), with

regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Nemo's does business within the State of Arizona, personal jurisdiction is established.

9. Because Woods' does business within the State of Arizona, personal jurisdiction is established.

10. Plaintiff is informed and believes that Woods is an employee, agent, representative, or otherwise affiliated with Nemo's.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of Arizona.

///

///

**Parties**

13. Plaintiff is a natural person who resides in the City of Gilbert, State of Arizona.

14. Defendants are located in the City of Phoenix, in the State of Arizona.

15. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is informed and believes and thereon alleges that Defendant Woods that contacted Plaintiff was acting as an agent and at the direction of Defendant Nemo's. Therefore, Defendant Nemo's can be held responsible and is vicariously liable for the conduct of Defendant Woods, and vice versa. Plaintiff incorporates all theories of vicarious liability within this Complaint, including, but not limited to, respondeat superior.

**FACTUAL ALLEGATIONS**

*Alleged Debt*

18. On or around June 3, 2011 and June 15, 2011, Plaintiff signed two promissory notes for $1,000 each to an associate, Sue Smith ("Smith").

19. The first promissory note dated June 3, 2011 simply stated, "This agreement is between Debbie Merlino and Susan Smith.  Debbie Merlino is borrowing $1,000.00.  Debbie Merlino will re-pay the loan with her tax refund."

20. The second promissory note dated June 15, 2011 similarly stated, "This agreement is between Debbie Merlino and Susan Smith.  Debbie Merlino has borrowed another $1,000.00 in cash.  When Debbie Merlino receives her tax refund she will repay the loan."

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Plaintiff currently disputes the amount owed on this debt.

23. From June 3, 2011 to May 5, 2016, Plaintiff paid back a portion of the $2,000 allegedly owed to Smith.

24. By May 5, 2016, Plaintiff had paid off close to $1,400 of the debt, leaving just around $600 of the original debt still owed.

25. Subsequent to the default, but before May 5, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

26. On or about May 5, 2016 and May 9, 2016, Woods called and left voicemails on Plaintiff's personal cellular telephone asking Plaintiff to contact Defendants.

27. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

28. After leaving those voicemails, on or about May 9, 2016 around 10:00am, Woods called Plaintiff on her work telephone. On this call, Woods told Plaintiff that Woods was collecting a debt for the original creditor, Sue Smith, and that Plaintiff owed $1,400 plus 4.5% interest dating back from June 2011.

29. The two signed promissory notes dated June 3, 2011 and June 15, 2011 did not include an interest rate to be charged.

30. Plaintiff was extremely distressed because she thought she had to pay this debt twice and pay interest when she did not agree to interest.

31. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt

or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

32. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

33. Additionally, on this same call, Woods told Plaintiff that if Plaintiff did not cooperate with Defendants, then Woods would call Plaintiff's employer regarding the debt. Woods went on to tell Plaintiff that if Plaintiff did not answer Defendants' phone calls when Defendants called, Defendants would contact Plaintiff's employer about the debt. During this call, Plaintiff told Woods to never call Plaintiff's work phone or employer again.

34. Plaintiff was extremely worried that Defendants would contact her employer regarding the debt.

35. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

36. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

37. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

38. That same day, Woods called Plaintiff on Plaintiff's personal cellular telephone over three times and left messages each time.

39. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection

with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

40. The next day on May 10, 2016, Woods called Plaintiff again. Plaintiff told Woods to stop calling her and only communicate by mail going forward. Woods ignored Plaintiff and proceeded to call Plaintiff multiple times that day. Plaintiff answered several of the calls and told Woods to stop calling Plaintiff, but Woods continued to pepper Plaintiff with phone calls.

41. After the first phone call with Plaintiff, Woods failed to disclose in all subsequent communications with Plaintiff that the communication is from a debt collector.

42. Through this conduct, Defendants failed to disclose Defendants' communication with Plaintiff was from a debt collector in violation of 15 U.S.C. § 1692(e)(11).

43. Through this conduct, Defendant communicated with the consumer in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

44. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

45. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

46. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of

hopelessness, and helplessness all impacting her job and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

///
///
///
///

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group**

Date: May 19, 2016                    By: */s/ Ryan L. McBride*
                                      Ryan L. McBride
                                      Attorneys for Plaintiff